1  LATHAM & WATKINS LLP
   Michael H. Rubin (CA Bar No. 214636)
2    michael.rubin@lw.com
   Elizabeth L. Deeley (CA Bar No. 230798)
3    elizabeth.deeley@lw.com
   Melanie M Blunschi (CA Bar No. 234264)
4    melanie.blunschi@lw.com
   Joseph C. Hansen (CA Bar No. 275147)
5    joseph.hansen@lw.com
   505 Montgomery Street, Suite 2000
6  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
7
8  *Attorneys for Defendant*
   *Otonomo Inc.*
9

10                 **UNITED STATES DISTRICT COURT**
11                 **NORTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| SAMAN MOLLAEI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OTONOMO INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:22-cv-02854<br><br>**DEFENDANT OTONOMO INC.'S NOTICE OF REMOVAL**<br><br>Removed from San Francisco Superior Court<br>Complaint Filed: April 11, 2022 |

**TO THE COURT, CLERK, PLAINTIFF, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Otonomo Inc. ("Otonomo"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the City and County of San Francisco to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. The grounds for removal are as follows:

## I.   PROCEDURAL BACKGROUND

1.   On April 15, 2022, Otonomo was served with the Complaint and Summons for the action filed in the Superior Court of the State of California, City and County of San Francisco, entitled *Saman Mollaei, individually and on behalf of all others similarly situated, v. Otonomo Inc. a Delaware Corporation,* Case No. CGC22599118. A copy of the Complaint is attached hereto as **Exhibit A**. A copy of the Summons is attached hereto as **Exhibit B**. Copies of the Notice of Service of Process are attached hereto as **Exhibit C**.

2.   Pursuant to 28 U.S.C. § 1446(a), copies of all additional process, pleadings, and orders served on Defendant in San Francisco County Superior Court No. CGC22599118 are attached hereto as **Exhibit D**.

3.   This Notice of Removal is filed within thirty days of Otonomo's receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); *see also* **Ex. C**.

## II.   THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

4.   Plaintiff purports to represent a class defined as:

> All California residents who own or lease a vehicle and whose GPS data has been collected by Otonomo. (Compl. ¶ 21.)

5.   This case is removable, and this Court has original jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (A) this case is a putative class action with more than 100 members in the proposed class; (B) there is minimal diversity, because (i) Plaintiff and Otonomo are citizens of different states, and alternatively and in addition,

(ii) at least one of member of the putative class is a citizen of a state other than California; and (C) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, taking into account all damages and equitable relief sought for all of the purported class members' claims together, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

### A.  This Is a Purported Class Action Within the Meaning of CAFA

6. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B).

7. This lawsuit meets the definition of a class action because it is brought pursuant to a similar statute as Rule 23—namely, Section 382 of the California Code of Civil Procedure, which authorizes one or more individuals to sue "for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Code Civ. Proc. § 382; *see also* 28 U.S.C. §§ 1332(d)(1)(B), (d)(5)(B); Compl. ¶ 33 (Plaintiff brings this action "[o]n behalf of himself and the Class.").

### B.  Minimal Diversity Is Satisfied

8. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity. To establish diversity jurisdiction under CAFA for the purposes of removal, a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp. Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal is, therefore, proper in the first instance where even one purported class member is a citizen of a state different from a defendant's state of citizenship. *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

9. As explained in the following paragraphs, that standard is met here because (i) Plaintiff is a citizen of a State different from Otonomo, and, additionally and independently, (ii)

the class, as defined by Plaintiff, includes at least one member who is a citizen of a state other than California.

### i. Defendant Is a Citizen of a State Different Than Plaintiff Is

10. A corporation is deemed to be a citizen of every state or foreign state where it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center." The nerve center is a "single place" and is the place where "a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77-78, 92-93 (2010).

11. Otonomo is incorporated in Delaware (*see* Compl. ¶ 7) and has it its principal place of business in Israel. *See* Declaration of Doron Simon in support of Notice of Removal ("Simon Decl."), ¶ 4. Otonomo's corporate headquarters are located in Israel. Simon Decl. ¶ 4. The majority of management team members are based in Israel, and that is where they "direct, control, and coordinate" Otonomo's operations and activities. Simon Decl. ¶¶ 9-12; *Hertz Corp.*, 559 U.S. at 92-93. For example, all significant decisions related to Otonomo's operations and activities generally are made in Israel, and all Board meetings are held at Otonomo's Israel headquarters. Simon Decl. ¶ 12. Although certain Otonomo officers live in the United States, those officers work remotely, and their work primarily supports Otonomo's operations and activities at its Israeli headquarters. Simon Decl. ¶ 10.

12. Otonomo has no principal place of business in California. Simon Decl. ¶¶ 4, 7-8. Although Otonomo has a registered address in California, that address is used for mailing purposes only, and there is no physical office space and no employees working in any California office. Simon Decl. ¶ 8; *see Hertz Corp.*, 559 U.S. at 97 (holding that courts should not accept an alleged "nerve center" if that location is "nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat").

13. Thus, at the time of the filing of lawsuit, and at the time of removal, Otonomo is a citizen of Delaware and Israel. *See* 28 U.S.C. § 1332(c)(1).

14. Plaintiff states that he is a "natural person and citizen of the State of California." Compl. ¶ 6.

15. Because Plaintiff's citizenship differs from Otonomo's citizenship—Plaintiff is a citizen of California, while Otonomo is a citizen of Delaware and Israel—minimal diversity is satisfied.

ii. <u>The Class Includes Citizens of States Other than California</u>

16. Plaintiff purports to represent a class defined as "[a]ll California residents who own or lease a vehicle and whose GPS data has been collected by Otonomo." Comp. ¶ 21.

17. Residency and citizenship are analytically distinct, and the Complaint makes no mention of *citizenship* with regards to members of the putative class. Thus, there is sufficient "likelihood that some putative class members were legally domiciled in or subsequently relocated to another state" or "were not United States citizens" to support CAFA diversity jurisdiction. *King*, 903 F.3d at 879-80; *see id.* at 879 ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile [is] in California."). For this reason, the Ninth Circuit has held that classes defined as "residents" of one state—like the class here—can still give rise to minimal diversity under CAFA. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [putative class member] may have a residential address in California does not mean that person is a citizen of California.").[1]

18. This is particularly true with the class alleged in this case—effectively, California residents with cars containing GPS systems. California individuals who own or lease a vehicle may be California residents, but might also be a citizen of another state. For example, out-of-state students studying at California universities may own or lease a vehicle and be California residents, but they might not be California citizens. Similarly, because proof of California citizenship is not required to purchase or lease a vehicle in California, an individual who purchases or leases a vehicle in California may be a California resident, but does not have to be a California citizen.

---

[1] *See also, e.g. King*, 903 F.3d at 879 (finding it "not implausible that at least a few" putative class members "were citizens of other states even if they temporarily had a residential address in California, such as an out-of-state student ... attending college in California" and "very likely that some putative class members were not United States citizens"); *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 163 (D. Mass. 2007) ("[T]his putative class that is composed entirely of residents of Massachusetts, does not, by definition, foreclose the inclusion of non-citizens as well. This suffices to support the assertion of federal jurisdiction in this case.").

And, of course, citizens of other states can drive their cars into California when changing residences even if they do not change their citizenship.

19. Accordingly, upon information and belief, at least one member of the putative class who owns or leases a vehicle and resides in California is a citizen of a state other than California. *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citations and internal quotations omitted)). This is sufficient to establish minimal diversity under CAFA. *See, e.g.*, *King*, 903 F.3d at 879.

### C. The Putative Class Exceeds 100 Members

20. Plaintiff alleges that the putative class consists of "[a]ll California residents who own or lease a vehicle and whose GPS data has been collected by Otonomo." Compl. ¶ 21. Plaintiff also alleges that Otonomo "collects and sells real-time GPS location from more than 50 million cars throughout the world, including from *tens of thousands in California*." *Id.* ¶ 1. (emphasis added). Plaintiff further alleges that "*tens of thousands of unsuspecting California drivers* are being tracked" and that he is "one of *tens of thousands of individuals in California* being tracked" by Otonomo. *Id.* ¶¶ 3, 5 (emphasis added).

21. While Otonomo disputes these allegations, the class, as alleged, includes more than 100 members. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### D. The Amount in Controversy Exceeds $5 Million

22. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds as stated in Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("Our starting point is 'whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.'") (citation omitted). Where a complaint does not state a total dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

23. While Plaintiff does not allege a specific total dollar amount in damages, Plaintiff's demand exceeds CAFA's $5,000,000 jurisdictional threshold.

24. Plaintiff seeks "statutory damages of $5,000 for each violation of [the California Invasion of Privacy Act] pursuant to Cal. Penal Code § 637.2(a), or three times the amount of actual damages, whichever is greater." *See* Compl. Prayer for Relief § c. Since Plaintiff has claimed that Otonomo allegedly tracked "tens of thousands" of California individuals in violation of California Penal Code § 637.7 (*see* Compl. ¶¶ 3, 5), the potential total amount of statutory damages based on Plaintiff's demand easily exceeds CAFA's $5,000,000 threshold.

25. Otonomo denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual allegations as true and legal allegations as correct, Otonomo believes and alleges that the amount in controversy would exceed $5,000,000, exclusive of interest and costs, and satisfies the amount in controversy requirements of CAFA. *See* 28 U.S.C. § 1332(d)(2).

**III.   VENUE AND INTRA-DISTRICT ASSIGNMENT**

26. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this district.

27. Venue is proper in the Oakland or San Francisco Divisions of this Court pursuant to Local Rule 3-2(d), as the original action was file in San Francisco County Superior Court.

**IV.   REMOVAL PROCEDURE**

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. Otonomo was served with the Complaint and Summons by personal service to its registered service agent on April 15, 2022. *See* **Ex. C**. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within 30 days of service.

30. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto. *See* **Ex. D.**

31. Otonomo will serve written notice of the removal of this action upon all adverse parties promptly, and will file such notice with the Clerk of San Francisco Superior Court, as required by 28 U.S.C. § 1446(d).

## V. CONCLUSION

32. This Court has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). This action is thus properly removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1453.

**WHEREFORE**, Defendant Otonomo Inc. removes the above-captioned action to this Court.

DATED: May 13, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Melanie M. Blunschi*
Melanie M. Blunschi

Michael H. Rubin (CA Bar No. 214636)
michael.rubin@lw.com
Elizabeth L. Deeley (CA Bar No. 230798)
elizabeth.deeley@lw.com
Melanie M Blunschi (CA Bar No. 234264)
melanie.blunschi@lw.com
Joseph C. Hansen (CA Bar No. 275147)
joseph.hansen@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendant
Otonomo Inc.*