# EXHIBIT A

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Proposed Class*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**04/11/2022**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO

CGC-22-599118

| | |
|---|---|
| SAMAN MOLLAEI, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br>v.<br><br>OTONOMO INC., a Delaware corporation,<br><br>   *Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>   **(1) Violation of Cal. Penal Code § 637.7**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Saman Mollaei brings this Class Action Complaint and Demand for Jury Trial against Defendant Otonomo, Inc. for unlawfully tracking automobile drivers' locations and movements without their permission or consent. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.  Defendant Otonomo Inc. is a data broker that secretly collects and sells real-time GPS location information from more than 50 million cars throughout the world, including from tens of thousands in California. This data allows Otonomo—and its paying clients—to easily pinpoint consumers' precise locations at all times of day and gain specific insight about where they live, work, and worship, and who they associate with. Not surprisingly, Otonomo never requests (or receives) consent from drivers before tracking them and selling their highly private and valuable GPS location information to its clients.

CLASS ACTION COMPLAINT

2. Of course, Otonomo cannot simply ask drivers for permission to track their GPS locations and sell them to scores of unknown third parties. Very few (if any) drivers would voluntarily provide a data broker like Otonomo unfettered access to their daily personal lives. As such, Otonomo has partnered with at least sixteen car manufacturers—including BMW, General Motors, Ford, and Toyota—to use electronic devices in their cars to send real-time GPS location data directly to Otonomo through a secret "always on" cellular data connection. In this way, drivers never even realize electronic tracking devices have been attached to their cars or that anybody is tracking their real-time movements, let alone a data broker.

3. All the while, tens of thousands of unsuspecting California drivers are being tracked while they drop their kids off at school, go to work, pick up groceries, visit with friends, and otherwise go about their daily lives. These individuals are not suspects of any investigations, not part of any state or federal watchlists, and not subjects of any legitimate government surveillance programs. Nor do they have any notice that they are under constant surveillance by Otonomo or that Otonomo is turning around and selling their real-time movements to its paying clients.

4. By secretly tracking the locations of consumers in their cars, Otonomo has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), which specifically prohibits the use of an "electronic tracking device to determine the location or movement of a person" without consent. California Penal Code § 637.7(a).

5. Plaintiff Mollaei is one of tens of thousands of individuals in California being tracked and exploited by Otonomo. This putative class action lawsuit seeks to put an end to Otonomo's illegal and dangerous conduct and to hold the company accountable for their blatant violation of California law.

**PARTIES**

6. Plaintiff Saman Mollaei is a natural person and citizen of the State of California.

7. Defendant Otonomo is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2443 Fillmore Street, San Francisco, California 94115.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution.

9. This Court has personal jurisdiction over Defendant because it conducts business in this State, and the conduct alleged in this Complaint occurred in, and/or emanated from, this State.

10. Venue is proper in this Court because the conduct at issue occurred in, and/or emanated from, this County.

**FACTUAL BACKGROUND**

*The California Invasion of Privacy Act*

11. In 1967, the California Legislature declared that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630. As a result, the Legislature passed the California Invasion of Privacy Act "to protect the right of privacy of the people of this state." *Id.*

12. In recognition of the dangers posed by the increasing power, sophistication, and availability of modern computer and communications technologies, CIPA expressly prohibits the use of an "electronic tracking device to determine the location or movement of a person" without consent. Cal. Penal Code § 637.7(a). "Electronic tracking device" is defined as "any device attached to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals." *Id.* § 637.7(d).

*Otonomo Secretly Tracks Real-Time Locations and Movements In Violation of CIPA*

13. Otonomo is a data broker that collects a multitude of data generated by automobile drivers, including specifically, real-time GPS location data. Though it is not a consumer-facing company and provides no information to drivers about the data it is collecting from them and selling, Otonomo proudly admits that it collects 4.1 *billion* data points per day

1  and has already tracked 330 *billion* miles of travel. *See* <u>Figure 1</u> below, showing a screenshot of
2  the marketing materials Otonomo provides to potential investors and customers.



(**Figure 1.**)

14.   Not only does Otonomo collect enormous amounts of data from unsuspecting drivers, it also sells the data to various third parties, including software application developers, insurance companies, and advertisers, among many others.

15.   To collect the highly private and valuable location data from automobiles without the drivers knowing, Otonomo partners with automobile manufacturers—such as BMW—to install electronic tracking devices in their cars. These electronic tracking devices typically take the form of telematics control units ("TCUs") that feature persistent internet connections. These devices collect information from the variety of sensors and radios—including the GPS sensors—

to determine the car's precise physical GPS location. The devices then transmit the data over the persistent cellular data connection to Otonomo, which, in turn, allows Otonomo—and its paying clients—to pinpoint the location and movement of every similarly connected car and driver.

16. Unfortunately, Otonomo does not obtain—or even try to obtain—consent from the tens of thousands of California drivers it tracks.

## FACTS SPECIFIC TO PLAINTIFF MOLLAEI

17. Plaintiff Mollaei is a California resident that drives a 2020 BMW X3.

18. When Plaintiff's vehicle was delivered to him, it contained an attached electronic tracking device that allowed Otonomo to track its real-time GPS locations and movements, and to transmit the data wirelessly to Otonomo.

19. Otonomo has used the attached electronic tracking device to the collect Mollaei's real-time GPS locations and movements.

20. At no time did Otonomo receive—or even seek—Plaintiff's consent to track his vehicle's locations or movements using an electronic tracking device.

## CLASS ACTION ALLEGATIONS

21. **Class Definition**: Plaintiff Saman Mollaei brings this action on behalf of himself and a class defined as follows:

> All California residents who own or lease a vehicle and whose GPS data has been collected by Otonomo.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact number of Class members is unknown and not available

to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has used electronic tracking devices to determine the locations or movements of millions of people who fall into the definition of the Class. Class members can be identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a) Whether Defendant used an "electronic tracking device" to collect the locations or movements of Plaintiff and the Class; and

    b) Whether Defendant obtained consent from Plaintiff and the Class.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

25. **Predominance and Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action

presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Penal Code § 637.7**
**(On Behalf of Plaintiff and the Class)**

26. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

27. CIPA prohibits any person or entity in the State of California from using "an electronic tracking device to determine the location or movement of a person" without consent. Cal. Penal Code § 637.7(a)-(b).

28. Defendant is a corporation and therefore an "entity" under CIPA.

29. Defendant uses "electronic tracking devices" under CIPA to determine the locations or movements of vehicles through TCUs, which are electronic devices attached to automobiles that can transmit the location or movement of such vehicles using electronic signals—here, cellular data connections.

30. Defendant therefore uses an electronic tracking device to determine the location or movement of drivers.

31. Defendant collects Plaintiff's and the Class's location and movement data for its own commercial purposes.

32. Defendant did not obtain—or even seek—consent from Plaintiff and the Class before collecting their locations or movements.

33. On behalf of himself and the Class, Plaintiff Mollaei seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CIPA's requirements for the use of electronic tracking devices in determining the location or movement of a person; and (2) damages of $5,000 for each violation pursuant to Cal. Penal Code § 637.2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Saman Mollaei, on behalf of himself and the Class, respectfully request that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Mollaei as class representative of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Otonomo's actions, as described above, violate CIPA;

C. Awarding statutory damages of $5,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.2(a), or three times the amount of actual damages, whichever is greater;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class as authorized by Cal. Penal Code § 637.2(b);

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff Saman Mollaei requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**SAMAN MOLLAEI**, individually and on behalf of all others similarly situated,

Dated: April 11, 2022

By: /s/ Rafey S. Balabanian
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

J. Eli-Wade Scott*
ewadescott@edelson.com
Schuyler Ufkes*
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

CLASS ACTION COMPLAINT                       8

Fax: 312.589.6378

*Counsel for Plaintiff and the Proposed Class*

*\*Admission pro hac vice to be sought.*