UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMAN MOLLAEI, | Case No.  22-cv-02854-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| OTONOMO INC., | Re: ECF No. 21 |
| Defendant. | |

Pending before the Court is Defendant Otonomo Inc.'s ("Otonomo") motion to dismiss Plaintiff Saman Mollaei's complaint.  ECF No. 21.  For the reasons below, the Court **GRANTS** the motion with prejudice.  Plaintiff may not amend.

## I.      BACKGROUND

Plaintiff Mollaei is a citizen of California and the driver of a 2020 BMW X3.  Compl. ¶¶ 6, 17, ECF No. 1-1, Ex. A.  Defendant Otonomo is a Delaware corporation with its principal place of business in Israel.  Notice of Removal ¶ 11, ECF No. 1.

On April 11, 2022, Plaintiff filed the putative class action complaint in the Superior Court of California of the County of San Francisco alleging one claim under California Penal Code Section 637.7.  *See generally* Compl.  Plaintiff alleged that Otonomo is a data broker that partnered with at least sixteen car manufacturers, including BMW, "to use electronic devices in their cars to send real-time GPS location data directly to Otonomo," allowing Otonomo to track drivers' location in real-time.  *Id.* ¶ 2.  Subsequently, Defendant removed the suit to this Court based on diversity jurisdiction.  Notice of Removal ¶¶ 4–25.

Defendant then filed the instant motion to dismiss the complaint for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6).  ECF No. 21.  Oral argument for the motion

United States District Court
Northern District of California

1    was heard on January 17, 2023.  ECF No. 41.

2    **II.    LEGAL STANDARD**

3        **A.    Rule 12(b)(6)**

4            Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which

5    relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss,

6    a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a

7    plausible chance of success.' "  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing

8    *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544

9    (2007)).  The Court must "accept factual allegations in the complaint as true and construe the

10   pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

11   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "A claim has facial plausibility when the

12   Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

13   Defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility

14   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

15   a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Although for the

16   purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint

17   as true," the Court is "not bound to accept as true a legal conclusion couched as a factual

18   allegation."  *Id.* at 678.

19       **B.    Judicial Notice**

20           The Court may judicially notice a fact that is not subject to reasonable dispute because it:

21   (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

22   readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid.

23   201(b).  This includes "unattached evidence on which the complaint 'necessarily relies' if: (1) the

24   complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

25   party questions the authenticity of the document."  *United States v. Corinthian Colleges*, 655 F.3d

26   984, 999 (9th Cir. 2011).

27       **C.    Statutory Construction**

28           "In interpreting a state statute, [a court] must follow the state's rules of statutory

United States District Court
Northern District of California

2

interpretation." *Killgore v. SpecPro Pro. Servs., LLC*, 51 F.4th 973, 983 (9th Cir. 2022). "The touchstone of statutory interpretation is the probable intent of the Legislature." *Hale v. S. Cal. IPA Med. Grp.*, Inc., 86 Cal.App.4th 919, 924 (2001). The "first step in determining that intent is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning." *Id.* If "language that appears unambiguous on its face may be shown to have a latent ambiguity," "a court may turn to customary rules of statutory construction or legislative history for guidance." *Id.* "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." *Killgore*, 51 F.4th at 983 (9th Cir. 2022). "When the language is clear and there is no uncertainty as to the legislative intent, [courts] look no further and simply enforce the statute according to its terms." *Id.*

## III.   DISCUSSION

### A.   Judicial Notice

Otonomo requested judicial notice of seven exhibits. Request for Judicial Notice ("RJN"), ECF No. 22.

Exhibits 1 to 3 are legislative history to California Penal Code Section 637.7, including a Senate Committee on Public Safety Analysis, Legislative Counsel's Digest, and Assembly Committee on Public Safety Analysis. Decl. of Melanie M. Blunschi, Exs. 1–3, ECF No. 23. Plaintiff does not oppose these exhibits but points out that "[l]egislative history is not an adjudicative fact subject to judicial notice under Fed. R. Evid. 201, and the Court need not consider it." Response to RJN at 1:10–11, ECF No. 26. The Ninth Circuit has previously noted that judicial notice of legislative facts is unnecessary. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Accordingly, the Court declines to take judicial notice of these exhibits.

Exhibits 4 to 7 are documents that can be retrieved online. Decl. of Melanie M. Blunschi, Exs. 4–7, ECF No. 23. Exhibit 4 contain excerpts from Otonomo's annual report filed with the Securities and Exchange Commission. Exhibits 5–6 are Otonomo's Car Data Platform Privacy Policy and Marketplace Privacy and Security Statement, from Otonomo's website. Exhibit 7 contain excerpts from the owner's manual for a 2020 BMW X3. Plaintiff disputes the facts in

these exhibits.  Response to RJN at 1:15–3:3.  As the facts within these exhibits go towards addressing the merits of Plaintiff's claim, the Court takes judicial notice of only the existence of these documents, not the facts contained within.

### B.  Failure to State a Violation of Section 637.7

Plaintiff's sole claim is a violation of California Penal Code Section 637.7.  The statute states:

> (a) No person or entity in this state shall use an electronic tracking device to determine the location or movement of a person.
>
> (b) This section shall not apply when the registered owner, lessor, or lessee of a vehicle has consented to the use of the electronic tracking device with respect to that vehicle.
>
> (c) This section shall not apply to the lawful use of an electronic tracking device by a law enforcement agency.
>
> (d) As used in this section, "electronic tracking device" means any device attached to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals.

Cal. Penal Code § 637.7 (West 2022).  Plaintiff's application of Section 637.7 to a built-in component of a vehicle, as opposed to a standalone device, is one of first impression.  Otonomo makes three arguments: (1) Plaintiff did not allege an "electronic tracking device" "attached to" his car; (2) Plaintiff did not allege that Otonomo "determine[s] the location or movement of" Plaintiff; and (3) Plaintiff did not allege that he did not consent to be tracked.  Due to existing caselaw and the language of the statute, the Court finds Otonomo's arguments persuasive.

### 1.  Attached Electronic Tracking Device

Otonomo argues that the telematics control unit ("TCU") that Plaintiff points to as an "electronic tracking device" is not a "device attached to a vehicle" within the meaning of Section 637.7.  Otonomo argues that even if the TCU is an electronic tracking device, Otonomo did not attach it to a vehicle.

Violation of Section 637.7 requires that the location or movement of a person be determined by an "electronic tracking device."  Cal. Penal Code § 637.7(a).  An "electronic tracking device" is defined as a device "attached to a vehicle . . . that reveals its location or movement."  Cal. Penal Code § 637.7(d).  Although the caselaw around Section 637.7 is minimal,

United States District Court
Northern District of California

the Court finds two cases instructive where the statute was interpreted.  In *Moreno v. S.F. Bay Area Rapid Transit Dist.*, the plaintiff brought suit alleging that a mobile application on his phone violated Section 637.7 by tracking his movement.  No. 17-cv-02911-JSC, 2017 WL 6387764 (N.D. Cal. Dec. 14, 2017).  The court there dismissed the Section 637.7 claim, finding that the application was not "attached" to a "moveable thing" because "[t]he ordinary meaning of 'to attach' in this context is 'to join or fasten (something) to something else."  *Moreno*, 2017 WL 6387764, at *5 (quoting Oxford English Dictionary Online (2017)).  Moreover, the court found from the legislative history that "the statute governs electronic tracking devices placed on vehicles or other movable things."  *Id.*  In *In re Google Location Hist. Litig.*, the plaintiff brought suit regarding tracking by the functions of his smartphone.  There, the court confirmed the interpretation in *Moreno*, and further found that "the bill denotes that 'attach' requires some affirmative act by the wrongdoer."  428 F. Supp. 3d 185, 195 (N.D. Cal. 2019).  As support, the court cited to an example from the legislative history: "this bill . . . would not allow a private investigator to *place* a device on the automobile of an individual he or she was trying to follow."  *Id.* (emphasis added).  Thus, the Court finds that the "device" must be a separate device that is attached, or placed, onto an automobile by the alleged wrongdoer.

This interpretation is further supported by the plain meaning of the statute.  When Sections 637.7(a) and (d) are viewed together, it is apparent that the device is a separate device, owned and controlled by the wrongdoer, that is attached to another's vehicle:

> No person or entity in this state shall use an electronic tracking device, any device attached to a vehicle or other movable thing that reveals its location or movement by the transmission of electronic signals, to determine the location or movement of a person.

In addition, the legislative history reveals that the purpose of the bill was "to prohibit the placing of an electronic tracking device on an automobile by a person who is not the registered owner."  California Bill Analysis, S.B. 1667 Sen., 3/24/1998.  Thus, the electronic tracking device is the wrongdoer's device that the wrongdoer places onto another's vehicle.

To the extent the parties disagree on whether the rule of lenity applies in interpreting Section 637.7, the Court finds that it does not.  "The rule of lenity applies only if the court can do

no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule." *People v. Avery*, 27 Cal. 4th 49, 58 (2002) (citation omitted).  As discussed above, there is no egregious ambiguity or uncertainty wherein the rule of lenity needs to be invoked.

Here, the TCU falls short of an electronic tracking device under Section 637.7.  As Plaintiff alleged, the TCU is a component of Plaintiff's vehicle and not a device that was attached, or placed, onto the vehicle.  *See* Compl. ¶ 15, ECF No. 1, Ex. A.  At oral argument, Plaintiff confirmed that the TCU is a component part of Plaintiff's vehicle that is not removable by Plaintiff, nor was the Plaintiff able to obtain his vehicle without the TCU.  Thus, the TCU, as part of Plaintiff's vehicle, is Plaintiff's device.  Plaintiff analogizes the TCU to a tire attached to the vehicle: "If a tire falls off a car, an attached part of the vehicle is no longer attached. No one would say the vehicle ceased to exist."  Opp'n at 9:2–3.  The analogy, however, is only applicable if Defendant installed onto Plaintiff's vehicle a tire in addition to those that are already part of the vehicle.  The Court declines to extend the statute beyond its plain meaning or the intent of the legislature.  The statute simply does not address vehicles with built-in devices that can be used to determine location, which had existed by the time the statute was enacted in 1998.  *See* Automotive Navigation System, https://en.wikipedia.org/wiki/Automotive_navigation_system (last visited January 17, 2023).  As such, the TCU is not an "electronic tracking device," because it is not "attached to a vehicle."  *See* Cal. Penal Code § 637.7(d).

Accordingly, Plaintiff did not plausibly allege that the TCU is an electronic tracking device within the meaning of the statute.

## 2.    Determining Location of a Person

Otonomo also argues that Plaintiff failed to allege that Otonomo tracks the location of a person.  Instead, "Plaintiff's allegations show at most that Otonomo received data about the location of vehicles."  Mot. at 5:27–28.  Section 637.7 prohibits the use of "an electronic tracking device to determine the location or movement of a person."  Cal Penal Code § 637.7(a).  The wording of the statute explicitly prohibits tracking the location or movement of a person, not a vehicle.  In *Moreno*, the court found that the application did not track the plaintiff because it

United States District Court
Northern District of California

associated locations with a unique identifier that was not associated to a person. *See* 2017 WL 6387764, at *4 ("But Plaintiff does not allege that she provided her contact information. Thus, there is no plausible allegation that the App tracked Plaintiff's location as opposed to some anonymous clientid that is not matched to any particular person."). Thus, violation of Section 637.7 requires the wrongdoer to associate the location or movements of a vehicle with the identity of a person. Tracking a vehicle is not enough.

Here, Plaintiff alleged that Otonomo collected the precise location of tens of thousands of California vehicles. Compl. ¶¶ 3–5, 16, 19. However, the complaint is devoid of allegations that Otonomo obtained personal information of the drivers of these vehicles, including Plaintiff, such that Otonomo tracked the location of these drivers and not merely the location of thousands of vehicles. While Plaintiff argues that Otonomo has the capability to associate vehicles with their drivers, Plaintiff did not allege that Otonomo has done so. Furthermore, Plaintiff did not allege that Otonomo received Plaintiff's personal information from manufacturers, such as BMW, that would possess this information. Thus, similar to the situation in *Moreno*, Otonomo's alleged tracking of Plaintiff is insufficient to amount to a violation of Section 637.7, because Plaintiff did not allege that Otonomo personalized the location information it received. *See* 2017 WL 6387764, at *4. Accordingly, Plaintiff did not plausibly plead that Otonomo tracks the location or movements of persons, including Plaintiff.

### 3.    Consent

Next, Otonomo argues that Plaintiff failed to allege that he did not consent to the TCU being used to track him. Mot. at 11:18–12:21. In particular, Otonomo argues that Plaintiff pled only that he did not provide consent to Otonomo, but not BMW. Section 637.7 is not violated "when the registered owner, lessor, or lessee of a vehicle has consented to the use of the electronic tracking device with respect to that vehicle." Cal. Penal Code § 637.7(b). In *Gonzales v. Uber Technologies, Inc.*, the plaintiff consented to his location being tracked by Lyft and argued that he did not consent to being tracked by Uber. 305 F. Supp. 3d 1078, 1089 (N.D. Cal. 2018). The court there found that the statute "does not require consent be given to the person doing the tracking; instead, it says that the statute does not apply if the vehicle's owner, lessor or lessee

7

1   'consented to the use of the electronic tracking device with respect to that vehicle.' " *Id.* (quoting

2   Cal. Penal Code § 637.7(b)).  Thus, because Uber's alleged tracking operated under the consent

3   that the plaintiff provided to Lyft, Uber did not violate the statute.  *Id.*

4        Here, the complaint did not include an allegation that Plaintiff did not consent to being

5   tracked by BMW, the vehicle manufacturer.  As the statute is not violated if any consent is given

6   to the vehicle being tracked, Plaintiff must plead the lack of consent with respect to both Otonomo

7   and BMW, since Plaintiff alleged that it is Otonomo and BMW that have partnered together to

8   track him.  *See* Compl. ¶ 2.  Thus, without pleading whether Plaintiff consented to being tracked

9   by BMW, Plaintiff did not plausibly plead a lack of consent.  While Plaintiff alleges in his

10  opposition that he did not provide consent to BMW, this allegation was not present in the

11  complaint.  Thus, the Court does not consider this allegation.  *See Apple Inc. v. Allan & Assocs.*

12  *Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) ("[T]he complaint may not be amended by the briefs

13  in opposition to a motion to dismiss.").

14       Plaintiff argues that consent did not need to be pled, as it is an affirmative defense.  Opp'n

15  at 10:8–21.  The Court disagrees.  Lack of consent is an element of the statute.  *See* Cal. Penal

16  Code § 637.7(b).  In order to plausibly plead a violation of the statute, Plaintiff must allege facts

17  that, taken as true, show that Otonomo lacked consent to track Plaintiff.  While Plaintiff argues a

18  distinction between BMW and Otonomo on the way his location is used, that distinction is not one

19  found in the language of the statute.  *See* Opp'n at 11:24–12:11.  The statute discusses "use" only

20  in the context of the use of an electronic tracking device to determine location or movement of a

21  person.  *See* Cal. Penal Code § 637.7(a).  Subsequent processing of the location or movement

22  information is not within the scope of the statute.

23       As Plaintiff did not plead whether he consented to BMW tracking his location or

24  movement, Plaintiff did not plausibly plead a lack of consent with regards to Otonomo. And

25  finally, Plaintiff did not plead whether his vehicle contract disclosed and required consent for

26  tracking his movement along with his identity.

27  **IV.   CONCLUSION**

28       For the foregoing reasons, the Court finds that Plaintiff did not plausibly plead a violation

United States District Court
Northern District of California

of Section 637.7.  While Plaintiff may plausibly plead, with amendments, that Otonomo tracked Plaintiff and that Plaintiff did not consent to being tracked, Plaintiff cannot allege other facts to plausibly allege that the TCU is an electronic tracking device within the meaning of the statute. As discussed above, the TCU is not "attached to" Plaintiff's vehicle.  As such, Otonomo's motion to dismiss is **GRANTED WITH PREJUDICE**.  Plaintiff may not amend his complaint.  *Cf. Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (reiterating that leave to amend should be granted if the pleading can be cured by the allegation of other facts).

This Order terminates ECF No. 21.  The case management conference scheduled for February 16, 2023, is vacated.

**IT IS SO ORDERED.**

Dated: January 18, 2023

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California