Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
J. Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Proposed Class*

*[additional counsel listed on signature page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMAN MOLLAEI, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> *v.* <br><br> OTONOMO INC., a Delaware Corporation, <br><br> *Defendant.* | Case No. 3:22-cv-02854-TLT <br><br> Hon. Trina L. Thompson <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Hearing Date: June 6, 2023 <br> Time: 2:00 p.m. <br> Room: Courtroom 9, 19 Floor <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 |

**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT**

**TO THE COURT, CLERK, DEFENDANT AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 6, 2023 at 2:00 p.m. in Courtroom 9, 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Saman Mollaei will and hereby does move for an order altering or amending judgment and for leave to file an amended complaint.

This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the concurrently filed proposed First Amended Complaint, attached hereto as Exhibit A (clean version) and Exhibit B (redlined version); the pleadings and papers on file in this action; the arguments of counsel; and any other matter that the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

Plaintiff respectfully requests that this Court alter or amend its judgment under Fed. R. Civ. P. 59(e) and give him leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2). Specifically, Plaintiff requests that the Court re-open the case and allow him to file the proposed First Amended Complaint attached hereto as Exhibit A.

Respectfully Submitted,

DATED: February 15, 2023          EDELSON PC

By: /s/ Schuyler Ufkes

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
J. Aaron Lawson (SBN 319306)
alawson@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

J. Eli Wade-Scott (*pro hac vice*)
ewadescott@edelson.com
Schuyler Ufkes (*pro hac vice*)
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and Proposed Class*

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Foman v. Davis*,
 371 U.S. 178 (1962) ............................................................................................ 4, 6

**United States Circuit Court of Appeals Cases**

*Allen v. Walmart Stores, L.L.C.*,
 907 F.3d 170 (5th Cir. 2018) ................................................................................ 4

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
 465 F.3d 946 (9th Cir. 2006) ................................................................................ 3

*Ash v. Anderson Merchandisers, LLC*,
 799 F.3d 957 (8th Cir. 2015) ................................................................................ 4

*Balistreri v. Pacifica Police Dep't*,
 901 F.2d 696 (9th Cir. 1988) ................................................................................ 3

*Bozzio v. EMI Grp. Ltd.*,
 811 F.3d 1144 (9th Cir. 2016) .............................................................................. 5

*Katyle v. Penn Nat. Gaming, Inc.*,
 637 F.3d 462 (4th Cir. 2011) ................................................................................ 4

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
 519 F.3d 1025 (9th Cir. 2008) .............................................................................. 6

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
 970 F.3d 133 (2d Cir. 2020) ................................................................................. 4

*Mirmehdi v. United States*,
 689 F.3d 975 (9th Cir. 2012) ................................................................................ 3

*Navajo Nation v. Dep't of the Interior*,
 876 F.3d 1144 (9th Cir. 2017) .............................................................................. 3

*OSU Student Alliance v. Ray*,
 699 F.3d 1053 (9th Cir. 2012) .............................................................................. 4

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,
 786 F.3d 510 (7th Cir. 2015) ................................................................................ 4

*Schmitt v. Kaiser Found. Health Plan of Wash.*,
 965 F.3d 945 (9th Cir. 2020) ................................................................................ 3

*Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*,
    376 F.3d 1065 (11th Cir. 2004) ...................................................................4

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*,
    935 F.3d 187 (3d Cir. 2019) .....................................................................4

**United States District Court Cases**

*Fishon v. Premier Nutrition Corp.*,
    No. 16-CV-06980-RS, 2022 WL 958378 N.D. Cal. Mar. 30, 2022) ..................................3

*Sinclair v. San Jose Unified Sch. Dist. Bd.*,
    No. 20-CV-02798-LHK, 2021 WL 2948871 (N.D. Cal. July 13, 2021)...........................8

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
    309 F.R.D. 645 (W.D. Wash. 2015) ...............................................................8

**Miscellaneous Authority**

Cal. Penal Code § 637 .............................................................................2

Fed. R. Civ. P. 15 ...............................................................................3, 4

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether alteration of the final judgment is appropriate under Rule 59(e) because the Court erred in finding amendment would be futile.

2. Whether leave to amend under Rule 15(a) should be granted.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       On January 18, 2023, this Court entered judgment in favor of Defendant Otonomo Inc.,

4  dismissing the claims of Plaintiff Saman Mollaei for failure to state a claim. (Dkt. 42.) Plaintiff

5  submits that the Court erred in dismissing his claim with prejudice when amendment would not be

6  futile, and accordingly requests that this Court alter or amend the judgment and grant Plaintiff leave

7  to file an amended complaint. Specifically, Plaintiff requests that the Court re-open the case and

8  allow him to file a proposed First Amended Complaint ("FAC"), a copy of which is attached hereto

9  as Exhibit A.[1]

10

## II.    BACKGROUND

11      Plaintiff filed his original putative class action complaint on April 11, 2022, in the Superior

12 Court of California, San Francisco County, alleging that Defendant Otonomo tracks thousands (if

13 not hundreds of thousands or millions) of Californians in violation of California Penal Code Section

14 637.7 by secretly collecting real-time GPS location information about California citizens through

15 their vehicles without their consent. (*See generally* dkt. 1-1.) Subsequently, Defendant removed the

16 suit to this Court based on diversity jurisdiction. (Dkt. 1 ¶¶ 4–25.)

17      On Defendant's motion, the Court dismissed the complaint with prejudice, finding that

18 Plaintiff failed to plead three elements of Section 637.7: (1) that Otonomo tracked Plaintiff, (2) that

19 Plaintiff did not consent to being tracked, and (3) that the telematics control unit ("TCU") at issue is

20 an "electronic tracking device" within the meaning of the statute. (Dkt. 42.) The Court noted that

21 Plaintiff could plausibly plead the first two elements with amendment, but not the third. (*Id.*) An

22 "electronic tracking device" is defined as a device "attached to a vehicle . . . that reveals its location

23 or movement." Cal. Penal Code § 637.7(d). To fall within the statute, the Court held that "the

24 'device' must be a separate device that is attached, or placed, onto an automobile by the alleged

25 wrongdoer." (Dkt. 42 at 5.) The Court construed Plaintiff's complaint as alleging that the TCU is a

26 component of Plaintiff's vehicle and not a device that was attached, or placed, onto the vehicle. (*Id.*

27

28

---

[1] Plaintiff has also attached a redlined version of his First Amended Complaint as Exhibit B, which shows all changes from his original complaint.

at 6.) Thus, the Court concluded that amendment would be futile because Plaintiff could not plead facts showing that the TCU was an electronic tracking device within the meaning of the statute. Accordingly, the Court dismissed with prejudice.

Pursuant to the Court's dismissal order, the Court entered judgment in favor of Otonomo. (Dkt. 43.) Plaintiff now moves to alter or amend the judgment and for leave to file an amended complaint because Plaintiff can plead additional facts to establish that the TCUs at issue are electronic tracking devices "attached" to vehicles within the statute.

## III.   ARGUMENT

### A. Legal Standards

A motion to amend a complaint is governed by Rule 15(a)'s "very liberal" standard. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Under this standard, the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is "generous," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988), and is meant to be applied with "extreme liberality." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012). Moreover, "in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 960 (9th Cir. 2020) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (vacating judgment dismissing second amended complaint with prejudice and remanding to permit plaintiff to file an additional amended complaint). This standard is a demanding one, and only a "strong showing" of futility will overcome the presumption that a plaintiff should be allowed at least one opportunity to cure defects identified in a complaint. *E.g.*, *Fishon v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL 958378, at *1 (N.D. Cal. Mar. 30, 2022).

On a post-judgment motion to amend the Court must first reopen the judgment under Rule 59(e) in order to consider Plaintiff's proposed amended complaint. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). However, there is very little daylight between the Rule 15(a) standard for amending the complaint and the applicable Rule 59 standard for reopening

1  the judgment where, as here, the Court here took the "unusual step of entering judgment at the same

2  time it dismisse[d] the complaint," *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw.*

3  *Ind.*, 786 F.3d 510, 521 (7th Cir. 2015). The Supreme Court, in *Foman v. Davis*, 371 U.S. 178

4  (1962), addressed a post-judgment motion to amend a complaint, and applied *only* the Rule 15

5  liberal-amendment standard. *Id.* at 181-82. Following the Supreme Court's lead, most circuits to

6  address the issue directly have held that a post-judgment motion to amend is governed principally

7  by Rule 15's liberal standards.[2] This approach makes sense, particularly in a situation like that

8  presented here and in *Runnion*: If a court denies a first opportunity to amend when the plaintiff is

9  indeed capable of remedying any identified defects, then the court's earlier conclusion that any

10 amendment would be futile is the type of "manifest error of law" that permits reopening a judgment

11 under Rule 59(e). *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012) (after

12 district court dismissed plaintiffs' complaint with prejudice without offering an opportunity to

13 amend, holding that it was an abuse of discretion to deny a post-judgment motion seeking leave to

14 amend, "[b]ecause plaintiffs might well be able to remedy the deficiencies" identified by the court).

15

16

17

18 [2] *See, e.g.*, *Runnion*, 786 F.3d at 520-22; *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970

19 F.3d 133, 144-46 (2d Cir. 2020) (in the post-judgment context, a consideration of whether to reopen
a case under Rule 59 and 60 should "give[] 'due regard' to 'the liberal spirit of Rule 15'" by ensuring

20 plaintiffs at least one opportunity to replead."); *Wolfington v. Reconstructive Orthopaedic Assocs. II
PC*, 935 F.3d 187, 210 (3d Cir. 2019) ("Where a timely motion to amend judgment is filed under

21 Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors."); *Katyle v. Penn Nat. Gaming,

22 Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (requiring a Rule 59 or 60 motion to reopen, but holding that
"the court need not concern itself with either of those rules' liberal standards. The court need only ask

23 whether the amendment should be granted, just as it would on a prejudgment motion to amend
pursuant to Fed. R. Civ. P. 15(a)."); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir.

24 2018) (when a plaintiff seeks leave to amend post-judgment, the "analysis of a party's Fed. R. Civ.
P. 59(e) motion should be governed by the same considerations controlling the exercise of

25 discretion under [Fed. R. Civ. P. 15(a)].") (citations omitted); *Ash v. Anderson Merchandisers, LLC*,
799 F.3d 957, 962 (8th Cir. 2015) (explaining that a district court "may not ignore the [Rule]

26 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits,"
even if post judgment motions to amend are disfavored) (quotations omitted); *Spanish Broad. Sys.*

27 *of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("[Rule 15(a)]

28 standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered[.]")
(quotations omitted).

**B. Alteration of the Judgment is Necessary Because the Court Erred in Concluding that Amendment Would be Futile.**

Here, relief is merited because amendment would not be futile. The Court concluded that the TCU placed in Plaintiff's vehicle was not an "electronic tracking device" because it is a "component" of the vehicle, and "as part of Plaintiff's vehicle, is Plaintiff's device." (Dkt. 42 at 6.) The Court's order treats the original complaint as alleging that the TCU is an integral part of how the vehicle functions, analogizing the TCU to one of the four tires needed to make a car drivable, as opposed to a fifth, unnecessary tire. (*Id.* at 6.) That reasoning echoes a line uttered by defense counsel at the hearing on the motion to dismiss that "the unit is not attached to the car," but rather it is "part of it." Transcript of Proceedings at 7:2-3 (Jan. 17, 2023). But the attached proposed FAC demonstrates that the TCU is entirely removable—and can be removed simply if you know your vehicle well enough. (*See* Ex. A ¶ 16.)  Therefore, the court should alter its judgment and grant leave to amend. *See Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1154 (9th Cir. 2016) ("Because amendment may not have been futile, it was error to dismiss [plaintiff's] complaint with prejudice.").

Plaintiff's original Complaint alleges that "Otonomo partners with automobile manufacturers—such as BMW—to install electronic tracking devices in their cars. These electronic tracking devices typically take the form of telematics control units ("TCUs") that feature persistent internet connections." (Dkt. 1-1 ¶ 15.) The Court's order granting Defendant's motion to dismiss characterized this paragraph as alleging that "the TCU is a component of Plaintiff's vehicle and not a device that was attached, or placed, onto the vehicle." (Dkt. 42 at 6 (citing dkt. 1-1 ¶ 15).) But at no point did Plaintiff allege that the TCU is a "component" of Plaintiff's vehicle. In fact, Plaintiff specifically alleges that Plaintiff's vehicle "contained an *attached* electronic tracking device that allowed Otonomo to track its real-time GPS locations and movements." (Dkt. 1-1 ¶ 18 (emphasis added); *see also id.* ¶ 29 (alleging that Defendant uses "TCUs, which are electronic devices attached to automobiles").)

Putting that to the side, and newly armed with the Court's understanding of § 637.7(d), Plaintiff can offer the following additional facts—all of which are alleged in the proposed FAC. The electronic tracking devices used by Defendant Otonomo to track drivers can be found attached to

the Plaintiff's and the Class's vehicles and are entirely removable. (Ex. A ¶ 16.) For instance, the TCU in Plaintiff's vehicle can be found hidden in the trunk and can be easily removed, installed, and transferred to another vehicle using only a screwdriver. *See, e.g.*, <u>Figures 1-2 below</u>, showing electronic tracking devices used by Otonomo to track Plaintiff and the Class.




(**Figure 1**.)                                     (**Figure 2.**)

Furthermore, the electronic tracking devices used by Otonomo also feature a backup battery module that allows Otonomo to track drivers even when their vehicles do not have power. (Ex. A ¶ 17.) This feature ensures that Otonomo can keep track of drivers at all times. (*Id.*)

At the motion to dismiss stage, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The original complaint specifically alleges that the TCU is an "attached electronic tracking device." (Dkt. 1-1 ¶ 18.) And nothing in the pleadings or at oral argument supports a finding that Plaintiff would not be able to cure deficiencies identified by the Court by alleging additional facts showing that the TCU is a device "attached" to Plaintiff's vehicle within the meaning of the statute. Therefore, Plaintiff respectfully submits that the Court erred in dismissing with prejudice and requests that the Court alter its judgment and grant leave to amend the complaint.

**C. The Court Should Grant Leave to Amend Plaintiff's Complaint Under Rule 15(a).**

Leave to amend is appropriate because amendment would not be futile, and all other Rule 15(a) factors weigh in favor of granting leave to amend. *Foman*, 371 U.S. at 182. The Court's sole reason for dismissing with prejudice was that amendment would be futile, but as shown above, that

is not the case.

Further, the proposed amended complaint rectifies the other defects highlighted by the Court's dismissal order. To support the allegation that Defendant tracked Plaintiff and other California citizens, Plaintiff includes the following facts in his proposed First Amended Complaint:

- The detailed data that Otonomo collects necessarily identifies the driver, like Plaintiff and the Class, [because] Otonomo collects personally identifying information including, *inter alia*, a unique identification number associated with the driver's vehicle, such as the vehicle identification ("VIN") number, and geolocation data (featuring precise latitude and longitude coordinates) where the driver started and ended their trip. (Ex. A ¶ 19.)

- A VIN reveals information about the driver's identity because a vehicle registrant's identity (*i.e.*, the driver) is associated with the VIN number. (*Id.* ¶ 20.) Similarly, the intimate geolocation information collected by Otonomo serves to identify the driver based on where they live and work, where they get their groceries, and even who they see on a regular basis. (*Id.*) Possessing highly accurate geolocation data easily identifies an individual because no two individuals live and work at the same location and carry out the same daily routines. (*Id.*) Otonomo even admits that a "[v]ehicle identification number (VIN), location data, car heading, and trip origination and termination points may *all provide a view into drivers' private lives.*" (*Id.*)

- While Otonomo purports to utilize its so-called "blurring engine" to ostensibly remove personal identifiers from its data, Otonomo doesn't even hide the fact that it first collects raw personally identifying data from drivers—not anonymous aggregate data. (*Id.* ¶ 21.)

- Ultimately, the fact that Otonomo can apply its "blurring engine" to driver collected data implies that it in fact collected identifiable data from drivers. (*Id.* ¶ 22.)

- Otonomo also advertises that it sells both (1) "blurred" connected car data and (2) identifiable "personalized" and "individual" driver data. According to its SEC filings, "Otonomo customers use vehicle data depending on their specific needs and purposes. The data can be shared in personalized or blurred form, and on an individual, aggregate, or fleet level." (*Id.* ¶ 23.)

- Indeed, Otonomo invites prospective customers to contact its sales team specifically to purchase non-blurred "driver-specific data." (*Id.* ¶ 24.)

Additionally, Plaintiff includes the following facts in his First Amended Complaint in support of the allegation that Plaintiff and the Class never gave Otonomo or BMW their consent to be tracked:

- Drivers like Plaintiff and the Class did not consent to an electronic tracking device being attached to their vehicles, nor did Otonomo or BMW give them the opportunity to consent. (*Id.* ¶ 26.)

- [T]he surreptitious nature of the TCU prevents the driver from discovering the tracking device (absent partially taking apart their vehicle). (*Id.*)

- [N]either Otonomo nor BMW ever tells drivers—at the time of purchase or anytime thereafter—that there is a TCU screwed into the vehicle that is capable of tracking their location, where the TCU is located within the vehicle, or that it is removable. (*Id.*)

- [N]either Otonomo nor BMW ever asked Plaintiff and the Class (in writing or otherwise) for their consent to attach an electronic tracking device to their vehicles. (*Id.*)

Finally, the remaining Rule 15(a) factors weigh in favor of granting leave to amend. Plaintiff has not delayed in bringing this motion to amend, as only 28 days have elapsed since the Court entered judgment on January 18, 2023. Plaintiff seeks to amend in good faith and has not failed to cure deficiencies in prior amendments, as this would be Plaintiff's first amendment. And finally, there is no undue prejudice to Defendant. In the context of a motion to amend, prejudice "means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (internal quotations omitted). At this early stage in the litigation process, there is no such risk. Plaintiff's proposed amended complaint does not add any new claims, legal theories, or substantial factual changes that would require a change in litigation strategy. *See Sinclair v. San Jose Unified Sch. Dist. Bd.*, No. 20-CV-02798-LHK, 2021 WL 2948871, at *3 (N.D. Cal. July 13, 2021) (finding no prejudice from amendment where plaintiffs did not add new claims or legal theories). Because amendment would cure the deficiencies identified by the Court and no other

1   factor weighs against it, leave to amend should be granted.

2   **IV.      CONCLUSION**

3           For the foregoing reasons, Plaintiff requests that the Court re-open the case and grant

4   Plaintiff leave to file the proposed First Amended Complaint, attached hereto as Exhibit A.

5

6                                        Respectfully Submitted,

7   Dated: February 15, 2023              By: /s/ Schuyler Ufkes
8                                          *One of Plaintiff's Attorneys*

9                                          Rafey S. Balabanian (SBN 315962)
                                           rbalabanian@edelson.com
10                                         J. Aaron Lawson (SBN 319306)
                                           alawson@edelson.com
11                                         EDELSON PC
                                           150 California Street, 18th Floor
12                                         San Francisco, California 94111
                                           Tel: 415.212.9300
13                                         Fax: 415.373.9435

14                                         J. Eli Wade-Scott (*pro hac vice*)
15                                         ewadescott@edelson.com
                                           Schuyler Ufkes (*pro hac vice*)
16                                         sufkes@edelson.com
                                           EDELSON PC
17                                         350 North LaSalle Street, 14th Floor
                                           Chicago, Illinois 60654
18                                         Tel: 312.589.6370
                                           Fax: 312.589.6378

19                                         *Attorneys for Plaintiff and Proposed Class*

20

21

22

23

24

25

26

27

28